## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, et al., Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 09-0764-CV-W-FJG |
| CSD CONSTRUCTION, INC., Defendant. | ) ) ) | |

# ORDER

Pending before the Court is (1) Defendant's Motion to Dismiss (Doc. No. 17), and (2) Plaintiffs' Motion for Extension of Time Limit for Service Pursuant to Federal Rules of Civil Procedure 4(m) and Suggestions in Support (Doc. No. 21).

Defendant requests its motion to dismiss be granted because of (1) insufficient service of process; and (2) the doctrine of *res judicata*. On June 28, 2010, however, plaintiffs filed their unopposed motion for extension of time limit for service (Doc. No. 21). Counsel for plaintiffs notes that he has conferred with counsel for defendant regarding the extension of time for service, and counsel for defendant has agreed to accept service of process on behalf of defendant. Accordingly, for good cause shown, plaintiffs' motion for extension of time limit for service (Doc. No. 21) will be **GRANTED**, and plaintiffs shall accomplish service on defendant on or before **SEPTEMBER 7, 2010.** Defendant's motion to dismiss for insufficient service of process will be **DENIED AS MOOT.**

The doctrine of *res judicata* bars repetitive suits involving the same cause of action, to keep the parties "from relitigating issues that were or could have been raised" in the original action. See Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001). Courts consider three elements in analyzing whether *res judicata* bars a subsequent suit: "(1) whether the prior judgment was entered by a court of competent jurisdiction; (2)

whether the prior decision was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." Id. (citations omitted).

Defendant indicates that certain of plaintiffs filed a lawsuit against the defendant in Missouri state court in which the plaintiffs asserted, or could have asserted, the same claims as stated in the present lawsuit. In response, plaintiffs cite to Pension Trust Fund for Operating Engineers v. Triple A Machine Shop, Inc., 942 F.2d 1457 (9th Cir. 1991), which is directly on point. In Triple A, the Ninth Circuit noted that Section 402(e) of ERISA provides, in relevant part, that "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive jurisdiction* of civil actions under this subchapter brought by . . . a . . . fiduciary." Triple A, 942 F.2d at 1461 (citing 29 U.S.C. § 1132(e)(1)(emphasis added)). The Ninth Circuit found that, as the state court did not have jurisdiction over the claims brought in plaintiffs' subsequent federal action, the state court's judgment in the previous case could not have a *res judicata* effect. Id. The claims brought in the present action, like those in Triple A, are those wherein the federal courts have exclusive jurisdiction. Thus, as the Missouri state courts do not have jurisdiction to hear the claims brought in plaintiffs' current suit, there can be no *res judicata* effect given to the state court judgment.

Accordingly, for the reasons expressed above, defendant's motion to dismiss (Doc. No. 17) is **DENIED.**

**IT IS SO ORDERED.**

                                                  **/S/FERNANDO J. GAITAN, JR.**
                                                  Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge

Dated:  08/25/10
Kansas City, Missouri